U.S. DISTRICT COURT
ESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 3 0 2015

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

a

| | |
|---|---|
| **LONNIE E. POYDRAS** | DOCKET NO. 15-CV-2014; SEC. P |
| **VERSUS** | JUDGE DRELL |
| **WARDEN** | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2241 by pro se petitioner Lonnie E. Poydras. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. He challenges the BOP's computation of his sentence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

On May 18, 2009, Petitioner was arrested by state authorities for possession of a firearm by a convicted felon. He was released on bond on May 20, 2009. [Doc. #1, p.11] On July 21, 2009, he was re-arrested by state officials and held in the East Baton Rouge Parish Jail. [Doc. #1, p.11] On November 6, 2009, the state charges were dropped. However, Petitioner remained in custody on a parole violation warrant for another case.

Petitioner was charged in federal court with possession of a firearm by a felon, in violation of 18 U.S.C. §922(g). [3:09-cr-

121 M.D.La.] On February 5, 2010, Petitioner was temporarily released to the United States Marshals Service pursuant to a writ of habeas corpus ad prosequendum. [Doc. #1, p.11] On April 14, 2011, Petitioner was sentenced in the Middle District of Louisiana to a 72-month term of imprisonment. The court did not specify that the sentence was to run concurrently to any state sentence. On April 19, 2011, Plaintiff was returned to the state authorities. On May 19, 2011, Petitioner was sentenced to a 5-year, 1-month and 8-day sentence for parole violation. Petitioner completed his state sentence on April 26, 2012, and he was released to the federal detainer for the commencement of the federal sentence.

On May April 30, 2012, the Fifth Circuit Court of Appeal reversed Petitioner's federal conviction and remanded for a new trial. <u>Poydras v. U.S.</u>, 470 Fed.Appx. 302 (5th Cir. 2012). A new trial was conducted on March 26-27, 2013. [3:09-cr-121; Doc. #141, 142] He was found guilty; and, on July 12, 2013, Petitioner was sentence to a 58-month term of imprisonment. [3:09-cr-121 M.D.La.; Doc. #126] Once again, a concurrent sentence was not specified. The conviction and sentence were affirmed on June 27, 2013. [3:09-cr-121 M.D.La.; Doc. #140]

### Law and Analysis

Petitioner seeks an immediate release from custody. He specifically alleges that he should not have been in state custody for certain periods of time. To the extent that Petitioner is

challenging prior completed terms of imprisonment in state custody, his claim is not properly before the Court in this §2241 petition.

To the extent that Petitioner seeks credit for additional time spent in state custody, his claim also fails. Title 18 U.S.C. §3584(a) provides that multiple terms of imprisonment imposed *at different times* run consecutively unless the court orders that the terms are to run concurrently. Likewise, the Fifth Circuit has held that "[w]ell-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively **unless** the district court specifically orders that they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003)(emphasis in original)(citing 18 U.S.C. §3584(a)("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); see also Aldridge v. Wendt, 149 Fed. Appx. 253 (5th Cir. 2005). In this case, the federal judgment *did not provide* that the federal sentence should run concurrent to any state sentence.

Title 18 U.S.C. §3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. See Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides as follows:

> (a) Commencement of sentence — A sentence to a term of imprisonment commences *on the date the defendant is received in custody* awaiting transportation to, or arrives voluntarily at, the official detention facility

3

at which the sentence is to be served.

(b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

**that has not been credited against another sentence.**

18 U.S.C. §3585 (emphasis added).

The time in which Petitioner was in the custody of the state of Texas was credited toward Petitioner's state sentence. Section 3585 only allows credit for time **that has not been credited against another sentence.** Credit from November 20, 2009, through April 26, 2012, was applied to Petitioner's state sentence. Petitioner did receive credit against his federal sentence from May 18, 2009, through May 20, 2009; from July 21, 2009, through November 19, 2009, and from April 27, 2012, through July 11, 2013. Although Petitioner had initially been given credit for May 21, 2009, through July 20, 2009, the credit was removed from the federal sentence because that time was spent on state bond.

In summary, the federal judgment did not order the federal sentence to run concurrent to any state sentence, and Petitioner is not otherwise entitled to double credit under Sections 3584 or 3585.

4

*Conclusion*

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** with prejudice, as Petitioner has not shown that his custody is in violation of the Constitution or laws of the United States.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 30th day of September, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE